NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

—————————————————————
FRANKLIN SMITH,                                )
                                               )
             Plaintiff,                     )
                                               )      Civil Action No.: 08-1937 (JLL)
     v.                               )
                                               )      **O P I N I O N**
PARAMOUNT RECOVERY SYSTEMS,                     )
                                               )
           Defendant.                     )
—————————————————————)

For Defendant: Richard J. Perr (*Fineman Krekstein & Harris, P.C.*)

For Plaintiff: Joseph K. Jones (*Law Offices of Joseph K. Jones, LLC*)

**LINARES, District Judge.**

      This matter comes before the Court on Defendant Paramount Recovery Systems's ("Paramount") motion to dismiss [CM/ECF #6] the class-action Complaint filed by Plaintiff Franklin Smith ("Smith"). No oral argument was held. Fed. R. Civ. P. 78. For the reasons set forth in this Opinion, Defendant's motion to dismiss is denied.

      The facts underlying this dispute are relatively straightforward. Smith received a dunning letter from Paramount "[o]n or about March 21, 2008" concerning a debt allegedly owed by Smith to Matthew Coons. (Compl. ¶ 11.) Smith responded via his attorney on April 7, 2008, disputing the debt and requesting that Paramount cease and desist communications with Smith. (Id. ¶ 12.) Paramount sent another letter on April 10, 2008. (Id. ¶ 13.) The Complaint filed by Smith alleges that the second Paramount letter violated the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. §1692 et seq.  (Id. ¶¶ 19, 26, 32.)

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party.[1]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

 A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Id.  Ultimately, however, the question is not whether plaintiffs will prevail at trial, but whether they should be given an opportunity to offer evidence in support of their claims.  Scheuer, 416 U.S. at 236.

---

[1] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

With this framework in mind, the Court turns now to Defendant's motion.

**A.      Count One**

Paramount moves for dismissal of the first count in Smith's Complaint on the basis that it did not violate 15 U.S.C. § 1692g by sending a second letter containing the following statement: "[a]ll questions regarding insurance filings should be directed to your insurance company."  (Def. Br. at 4.)  Paramount claims that the insurance filings statement could not have confused the least sophisticated consumer, and thus the § 1692g claim is barred by law.

Section 1692g of the FDCPA requires that a debt collector provide notice to the debtor, within five days of initial contact, that the debtor has thirty days to challenge the validity of the debt.  15 U.S.C. § 1692g(a).  The debt collector, however, must not convey the notice in such a manner as to confuse the least sophisticated consumer, and it must also refrain from overshadowing or contradicting the notice by creating uncertainty as to a debtor's rights.  Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).  The least sophisticated consumer standard is intended to protect the naive, but prevent liability from accruing from bizarre or idiosyncratic readings of collection notices.  Wilson, 225 F.3d at 354-55.  The determination of whether or not a notice fails to comply with § 1692g's least sophisticated consumer standard is a legal determination that may properly be reached on a motion to dismiss.  Id. at 353, n.2.

Here, Paramount sent an initial notice to Smith containing the required thirty-day notice on March 21, 2008.  (Def. Br. at 2.)  Smith's attorney, on April 7, 2008, communicated to Paramount that Smith contested the debt and requested that Paramount cease and desist collection of the debt.  (Id.)  Three days later, Paramount sent a second letter with information

verifying the debt, but also containing the following statement: "[a]ll questions regarding insurance filings should be directed to your insurance company." (Def. Br. at 3.) At this time, it is appropriate for the Court to take notice of certain relevant details from the documents attached to the Complaint. Jordan, 20 F.3d at 1261 (permitting the use of documents attached to the complaint in a motion to dismiss). First, the initial collection notice states that the debt was incurred by Smith to a medical doctor. (Compl. Ex. A.) Second, the verification of the debt sent by Paramount contains several references to insurance in the printed summary of the debt provided by Paramount. (Compl. Ex. C at 2.) Specifically, it lists two insurers for Smith and details the amounts paid by one of the insurers. (Id.) Smith maintains that the inclusion of the insurance filings statement in the debt verification letter sent by Paramount would overshadow the previously sent dispute notice, as the least sophisticated consumer would be unsure whether to dispute the debt with the insurer or with the debt collector. (Pl. Opp. Br. at 5.)

This Court finds that in the medical debt collection context where multiple insurers appear on a debt verification letter, that the statement included in Paramount's April 10, 2008 letter concerning insurance filings is capable of two or more interpretations, and overshadows the validation notice previously provided. Wilson, 225 F.3d at 354. Courts have found that debt collector statements overshadow the validation notice required by § 1692g when they imply that the validity of the debt has already been determined. Greer v. Shapiro & Kreisman, 152 F. Supp 2d 679, 684-85 (E.D. Pa. 2001); Anthes v. Transworld Sys., Inc., 765 F. Supp. 162, 170-71 (D. Del. 1991). While Paramount's communication in its second letter does not go so far as to state, as did the followup letter in Anthes, that the validity of the debt had already been decided, the insurance filing statement is capable of a construction that is misleading. This Court finds that

4

the least sophisticated consumer, when confronted with two parties to contest a debt with, may

believe that it can resolve the debt collection by pursuing it with an insurer who did not fully pay

a claim.  Claims under the FDCPA involving debtors under a belief that their insurers are

responsible for the debt do not appear uncommon.  See, e.g. Weinstein v. Fink, No. 99-7222,

2001 WL 185194, at *7 (N.D. Ill. Feb. 26, 2001) (debtor disputed debt in belief that insurance

companies were handling claims); Fasten v. Zager, 49 F. Supp 2d 144, 149 (E.D.N.Y. 1999)

(debtor informed that insurance company had not paid bill).  While a plaintiff cannot necessarily

dispute any particular debt by invoking an insurance excuse, Hoffman v. Partners in Collection,

Inc., No. 93-4182, 1993 WL 358158, at *2 (N.D. Ill. Sept. 14, 1993), the plaintiff is not the party

who has brought up the issue of insurance.  Paramount sent the debt verification to Smith, which

contained payments by insurers.  It then obfuscated the issue of insurance by stating that "[a]ll

questions" about insurance "filings" should be directed to the insurer.  The least sophisticated

consumer could, on reading that language, believe that he or she was being directed to contact

one of the insurers referred to in the debt verification.  Here, where the documents attached to the

Complaint reveal two potential insurers, and the debt collector refers to the insurers in a followup

communication as potential avenues of redress, this Court finds as a matter of law that such a

communication may support a finding that § 1692g was violated.  This Court therefore denies

Paramount's motion to dismiss as to count one of the Complaint.

**B.     Counts Two and Three**

Paramount argues that the second and third counts of the Complaint must be dismissed

because it sent the April 10, 2008 letter to Smith's attorney rather than Smith.  (Def. Br. at 5.)

Smith argues that the letter was sent to him, not his attorney.  (Pl. Opp. Br. at 7.)  The parties do

not differ on the application of the FDCPA to the letter; they only differ on who received the

letter.   This Court, therefore, will address only the narrow issue of whether or not Smith, or

Smith's attorney, received the April 10, 2008 letter from Paramount.

On a motion to dismiss, the record includes only the complaint, documents attached to the

complaint, and documents upon which the complaint relies.[2]  Jordan, 20 F.3d at 1261.  The facts

in the record must be examined in the light most favorable to the plaintiff.   Allegheny Gen.

Hosp., 228 F.3d at 434-35.  In paragraph 13 of the Complaint, Smith alleges that "Defendant

mailed a letter addressed to Plaintiff."  (Compl. ¶ 13.)  In paragraph 26 of the Complaint, Smith

alleges that Paramount "mail[ed] a communication addressed to Plaintiff."  (Id. ¶ 26.)  Smith

further claims that Paramount mailed the letter addressed to him in paragraph 27.  (Id. ¶ 27.)

Paramount claims that because the letter bears a stamp that it was received by Smith's attorney

on April 14, 2008, this Court should find that Paramount mailed it to Smith's attorney.  (Def. Br.

at 2-3, 5.)  Examining the record in the light most favorable to the Plaintiff, this Court finds that

the attorney stamp is insufficient to rebut the address on the letter.  Paramount made no mark on

the letter that it was not being sent directly to Smith.  No "represented by" notation exists by the

address; no "care of" of "c/o" address is given as Smith's primary address or in the alternative.

In the record properly before it at this time, which does not include any envelope or affidavits of

individuals involved in mailing or receipt, this Court finds that the stamp of an attorney's receipt

provides no better evidence of who the letter was actually mailed to than the mailing party's

address written on the letter.  Taking the facts in the light most favorable to Smith, therefore, this

---

[2]For this reason, this Court will not consider Smith's attempt to supplement the record
with the history of the April 10, 2008 letter's receipt and handling.

Court finds that the letter was indeed mailed to Smith.  At the motion to dismiss stage, therefore, this Court will deny Paramount's motion with respect to the second and third counts of the Complaint.

## CONCLUSION

For the reasons heretofore given, this Court denies Defendants motion to dismiss.  An appropriate Order accompanies this Opinion.


DATED: November 17, 2008                            /s/ Jose L. Linares
                                                   United States District Judge

7